[L. A. No. 3493. Department One.—April 22, 1915.]

HUGH WARRING and M. D. WARRING, Respondents, v. SOUTHERN PACIFIC BRANCH RAILWAY COMPANY et al., Appellants.

QUIETING TITLE—TITLE BY PRESCRIPTION—JUDGMENT IN FAVOR OF TWO PLAINTIFFS—INSUFFICIENCY OF EVIDENCE AS TO ONE—REVERSAL.— In an action by two plaintiffs to quiet their title to a piece of land, on the ground as pleaded that they are the owners under title by prescription, based upon an adverse possession for the required length of time, a judgment in favor of the plaintiffs will be reversed in its entirety, if the evidence in the record fails to show, as to one of the plaintiffs, that continuous adverse possession without interruption which the law requires to constitute title by prescription, and the record also fails to show the respective interests claimed or possessed by the two plaintiffs.

APPEAL from a judgment of the Superior Court of Ventura County. S. E. Crow, Judge presiding.

The facts are stated in the opinion of the court.

Frank Thanen, W. M. Singer, and Wm. Singer, Jr., for Appellants.

Kidder & Warring, for Respondents.

At the close of the argument Shaw, J., delivered the opinion of the court, Sloss, J., and Lawlor, J., concurring.

The plaintiffs have sued to quiet their title, pleading the narrow ground that they are the owners under title by prescription, based upon an adverse possession for the required length of time. The evidence in the record fails to show, as to Hugh Warring, that continuous adverse possession without interruption which the law requires to constitute title by prescription. For this reason it is necessary to reverse the judgment. The record does not show the respective interests claimed or possessed by the two plaintiffs and because of that fact we cannot make a decision which will limit the judgment to the interest of M. D. Warring alone, and it is necessary to reverse the entire judgment. The plaintiffs upon the going down of the *remittitur* should have leave to amend their pleadings. The claims are apparently not the same as they appear to be by the complaint and the allegations should be made to correspond to the facts as they claim them to be.

It is ordered that the judgment be reversed and the plaintiffs have leave to amend their pleadings as they may be advised.